1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7
8
9
10
11
12
13

| | |
|---|---|
| RICHARD REYES, JR. and PAMELA K. REYES,<br><br>       Plaintiffs,<br><br>v.<br><br>GMAC MORTGAGE LLC, et al.,<br><br>       Defendants. | 2:11-CV-100 JCM (RJJ) |

14

**ORDER**

15    Presently before the court is defendants GMAC Mortgage, LLC and Mortgage Electronic

16  Registration System's ("Mortgage Electronic") motion to dismiss. (Doc. #10). Plaintiffs Richard

17  Reyes, Jr. and Pamela K. Reyes have failed to file an opposition.

18    Nevada Local Rule 7-2 provides in pertinent part that "[t]he failure of an opposing party to

19  file points and authorities in response to any motion shall constitute a consent to the granting of the

20  motion."  However, failure to file an opposition to a motion to dismiss is not cause of automatic

21  dismissal.  *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  Before dismissing the action, the

22  district court is required to weigh (1) the public's interest in expeditious resolution; (2) the court's

23  need to manage its docket; (3) the risk of prejudice; (4) the public policy favoring disposition of

24  cases on their merits; and (5) the availability of less drastic sanctions." *Id*. (quoting *Henderson v.*

25  *Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).

26    Here, those factors weigh in favor of dismissal.  The public's interest in expeditious

27  resolution of litigation, the court's need to manage its docket, and the lack of prejudice weigh in

28

**James C. Mahan**
**U.S. District Judge**

1  favor of granting the motion to dismiss.  Additionally, the present motion to dismiss has merit.

2  　　　　On July 5, 2006, defendant PMC Bancorp ("Bancorp") loaned $328,000.00 to the plaintiffs,

3  which was secured by a deed of trust. (Doc. #10-1). In the deed of trust, Bancorp is designated as the

4  "Lender" and Mortgage Electronic is the "nominee for [l]ender and [l]ender's successors and

5  assigns." *Id.* The deed of trust also provides that Mortgage Electronic and its own successors and

6  assigns are the "beneficiary of this [s]ecurity [i]nstrument." *Id.* Further, the plaintiffs agreed in the

7  deed of trust that Mortgage Electronic had the right to exercise the lender's interests, "including...the

8  right to foreclose and sell the property," and that the plaintiffs were *prohibited* from transferring any

9  interest in the property without the lender's permission. *Id.*

10  　　　　The note and the mortgage were negotiated to GMAC, and on November 4, 2010, Mortgage

11  Electronic, as Bancorp's nominee, assigned the mortgage to GMAC. (Doc. #10-3). On September

12  20, 2010, GMAC recorded a notice of default and scheduled the sale of the property for November

13  16, 2010. Following the notice of default, on October 8, 2010, the plaintiffs transferred 49% of their

14  interest in the subject property to a Utah company known as Trigis Holding, LLC.  (Doc. #10-4). On

15  the same day, Trigis Holding filed a Chapter 7 bankruptcy petition in bankruptcy court in Utah.

16  (Doc. #10-6). On December 2, 2010, GMAC petitioned the bankruptcy court for an order terminating

17  the automatic stay in order for GMAC to enforce its security interest in the property. (Doc. #10-7).

18  　　　　On January 19, 2011 (doc. #1), plaintiffs filed their complaint against defendants asserting

19  claims of relief for (1) breach of contract, (2) breach of covenant of good faith and fair dealing, (3)

20  intentional or negligent misrepresentation, (4) violations of Nevada consumer protection statutes,

21  (5) quiet title, and (6) declaratory and injunctive relief. Further, plaintiffs seek a "termination" of all

22  collections sought from the plaintiffs, and an order for GMAC to (a) release the trust deed and (b)

23  refund all fees and charges "paid under the [t]rust [d]eed," plus costs and attorney's fees. *Id.*

24  **Motion To Dismiss**

25  　　　 In the present motion to dismiss (doc. #10), the defendants assert that the plaintiffs'

26  complaint should be dismissed because the plaintiffs have unclean hands, plaintiffs' securitization

27  arguments are meritless, and the deceptive trade practices claim is insufficiently pled under *Bell Atl.*

28

James C. Mahan
U.S. District Judge

1   *Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) and *Ashcroft v. Iqbal*, 556 U.S. ___, ___, 129 S.

2   Ct. 1937, 1949-50 (2009).

3          Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper when a complaint fails

4   to state a claim upon which relief can be granted. Dismissal may be based on the lack of a cognizable

5   legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Navarro*

6   *v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

7   (9th Cir. 1988). In order for a plaintiff to survive a 12(b)(6) motion, he must "provide the grounds

8   for [] entitlement to relief [which] requires more than labels and conclusions. *Twombly*, 550 U.S.

9   544, 547.

10          **A.     Plaintiffs' Securitization Claims**

11          As defendants assert, all but one of the plaintiffs' claims target the securitization of their loan.

12   In the first count, plaintiffs assert that GMAC is liable for breach of contract as one of the

13   successors-in-interest to the lender Bancorp. (Doc. #1). They argue that Bancorp did not actually loan

14   them the funds to purchase their home, but "merely advanced funds from investors," that they never

15   consented to securitization of the loan, and that such securitization materially breached the contract.

16   *Id.* In the plaintiffs' second count dealing with breach of the covenant of good faith and fair dealing,

17   they assert that GMAC would not provide the plaintiffs with the identity of the "real" party or parties

18   who were legally entitled to foreclose. *Id.*

19          The third claim for relief asserts that the defendants defrauded the plaintiffs, or at least

20   negligently misrepresented, (a) the "true identity" of the note holder, the beneficiary, and the party

21   entitled to foreclose, (b) that Bancorp was the real lender of their loan, (c) that Mortgage Electronic

22   was the creditor, and (d) that the loan would not be securitized. *Id.* In plaintiffs' fifth claim*,* they

23   contend that the deed of trust and note were "intentionally separated" during the securitization, and

24   that GMAC has no interest in the subject property. *Id.* Lastly, plaintiffs' sixth claim seeks a judgment

25   declaring that GMAC has no right to foreclose[1] or should be required to demonstrate its right to

26   _____

27          [1] Plaintiffs have acknowledged that they have failed to make payments on their loan for six
28   months, which resulted in default. (Doc. #1). As GMAC is entitled to foreclose in the event of a

foreclose "as [an] agent[] of the investors in [mortgage-backed securities]." *Id.*

As demonstrated above and articulated by the defendants, five of plaintiffs' claims are based on the idea that securitization inherently changes the "existing legal relationship between the parties to the extent that the original parties cease to occupy the roles they did at the closing." (Doc. #10). This argument has been rejected in this district, because the securitization of a loan does not in fact alter or affect the legal beneficiary's standing to enforce the deed of trust. *Birkland v. Silver State Fin. Servs., Inc.*, [No. 2:10-cv-00035-KJD-LRL, Aug. 25, 2010] ___ F. Supp. 3d ___, ___ (available at 2010 WL 3419372, at *3) (D. Nev. 2010); *Bukhari v. Lending 1st Mortgage*, [No. 2:10-CV-00823-GMN-RJJ, Aug. 9, 2010] ___ F. Supp. 3d ___, ___ (available at 2010 WL 3168404, at *3) (D. Nev. 2010); *Joyner v. Bank of Am. Home Loans*, [No. 2:09-CV-2406-GMN-RJJ, July 26, 2010] ___ F. Supp. 3d ___, ___ (available at 2010 WL 2953969, at *1) (D. Nev. 2010) (stating that claims relating to securitization have been "addressed on multiple occasions by this Court, weighed and found wanting"); *Chavez v. California Reconveyance Co.*, [No. 2:10-cv-00325-RLH-LRL, June 18, 2010] ___ F. Supp. 3d ___, ___ (available at 2010 WL 2545006, at*2) (D. Nev. 2010).

Since the securitization "merely creates a 'separate contract, distinct from [p]laintiffs['] debt obligations'" under the note and does not change the relationship of the parties in any way, plaintiffs' claims arising out of the securitization fail. *Commonwealth Prop. Advocates, LLC v. First Horizon Home Loan Corp.*, No. 2:10-cv-375, 2010 WL 4788209, at *4 (D. Utah Nov. 16, 2010) (emphasis added) (quoting *Larota-Florez v. Goldman Sachs Mortgage Co.*, 719 F. Supp. 2d 636, 642 (E.D. Va. 2010). Further, as plaintiffs consented to the securitization in the agreement by explicitly agreeing that they "understand that the [l]ender may transfer this [n]ote," their assertion that they did not consent also fails. *See Suss v. JP Morgan Chase Bank, N.A.*, [No. WMN-09-1627, July 9, 2010] ___ F. Supp. 3d ___, ___ (available at WL 2733097, *6) (D. Md. 2010) (court rejected plaintiff's argument that he did not consent to securitization because the note contained such consent).

Since plaintiffs' claims for breach of contract, breach of covenant of good faith and fair

---

default, the declaratory relief sought is improper and is denied. N.R.S. § 107.080(1); *See also Collins v. Union Fed. Sav. & Loan Ass'n*, 99 Nev. 284, 304, 663 P.2d 610, 623 (1983).

1  dealing, intentional or negligent misrepresentation, quiet title, and declaratory and injunctive relief

2  fail due to the fact that the securitization did not change the relationship between the parties, these

3  claims are dismissed against non-moving defendant PMC Bancorp as well.

4        **B.**     **Plaintiffs' Deceptive Trade Practices Claim**

5        In the plaintiffs' complaint (doc. #1), they assert that GMAC has "violated the Nevada

6  Deceptive Trade Practices [Act] at NRS 598" "through the actions they have taken." This is the

7  extent of plaintiffs' claim. They do not point the court to any specific statute within NRS 598 nor

8  do they assert facts that would allow the court to assume which statute they are claiming violations

9  of. As the U.S. Supreme Court has held that "formulaic recitation of a cause of action's elements will

10  not do," and this claim does not even rise to that level of pleading, the plaintiffs' claim for deceptive

11  trade practices fails. *Twombly*, 550 U.S. 544, 555–56; see also *Iqbal*, 556 U.S. ___, ___, 129 S. Ct.

12  1937, 1949-50.

13        Since this claim is dismissed for failure to sufficiently plead, the claim is also dismissed

14  against non-moving defendant PMC Bancorp.

15        Accordingly,

16        IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendants GMAC

17  Mortgage, LLC and Mortgage Electronic Registration System's motion to dismiss (doc. #10) be, and

18  the same hereby is, GRANTED.

19        IT IS THEREFORE ORDERED that the above captioned case be, and the same hereby is,

20  DISMISSED in its entirety.

21        DATED April 5, 2011.

22

23                             _James C. Mahan_

24                      **UNITED STATES DISTRICT JUDGE**

25

26

27

28

James C. Mahan
U.S. District Judge